1  Thomas Scott Thompson (*Pro Hac Vice pending*)
   Ryan T. Dougherty (*Pro Hac Vice pending*)
2  SThompson@mintz.com
   RTDougherty@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   555 12th Street NW, Suite 1100
4  Washington, D.C. 20004
   Tel:  202-434-7300
5  Fax: 202-434-7400

6  Paige E. Adaskaveg (SBN 330551)
   peadaskaveg@mintz.com
7  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   44 Montgomery Street, 36th Floor
8  San Francisco, CA 94104
   Tel:  415-432-6000
9  Fax: 415-432-6001

10 Attorneys for Real Parties in Interest/Defendants
   CROWN CASTLE FIBER LLC AND VERIZON WIRELESS

11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14 STEVEN KIRBY, an individual,                  | Case No. 3:25-cv-06165-JD

15              Petitioner,                       | **DEFENDANTS CROWN CASTLE'S AND VERIZON WIRELESS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

16     vs.

17 CITY OF SAN MATEO, by and through the
18 CITY COUNCIL OF THE CITY OF SAN
   MATEO; MATT FABRY, an individual, in        | **[FED. R. CIV. P. 12(b)(6)]**
19 his capacity as the Director of the Public
   Works Department of the City of San Mateo;  | [Filed concurrently with Request for Judicial Notice and Declaration of Paige E. Adaskaveg; [Proposed] Order]
20 and the SUSTAINABILITY &
   INFRASTRUCTURE COMMISSION OF
21 THE CITY OF SAN MATEO,                        | [*Removed from the Superior Court of the State of California, County of San Mateo (Case No. 25-CIV-04679)*]

22              Respondents,

23 _____

24 CROWN CASTLE FIBER LLC, a New York            | Date:       September 18, 2025
   limited liability company; and VERIZON       | Time:       10:00 a.m.
25 WIRELESS,                                     | Judge:      Hon. James Donato
                                                 | Ctrm:       11
26              Real Parties in Interest.

27                                               | Complaint Filed:   June 20, 2025
                                                 | Trial:             TBD
28

i

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ vi

STATEMENT OF THE ISSUES TO BE DECIDED ............................................................... vii

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

    I.    PRELIMINARY STATEMENT ...............................................................................1

    II.    BACKGROUND .......................................................................................................2

        A.    Crown Castle's Permit Application ...........................................................2

        B.    Petitioner's Writ of Mandate Lawsuit and Defendants' Removal.......3

        C.    Applicable Federal and State Legal Authorities for Small Wireless Facilities.........................................................................................4

            1.    Federal Authority: The Communications Act, Shot Clock Rules, and the Small Cell Order ............................................4

            2.    State Authority: Cal. Gov. Code Section 65964.1 ......................6

    III.    LEGAL STANDARD ..............................................................................................6

    IV.    ARGUMENT ............................................................................................................7

        A.    Crown Castle's Permit Application Was Deemed approved by Operation of Law on February 18, 2025....................................................7

            1.    The Deadline For City Final Action Was February 7, 2025. .....7

            2.    The City Did Not Take Its Final Action Before February 18, 2025...........................................................................................8

                a.    Final Action Requires A Written Decision From the Commission ................................................................8

                b.    The City Had Not Taken Final Action Before February 18, 2025. ........................................................9

            3.    Crown Castle complied with all federal, state, and local requirements to make the deemed approval effective. ............11

            4.    The City did not seek judicial review of Crown Castle's deemed approved notice. ...............................................................11

        B.    The Deemed approved Permit Moots Petitioner's Two Causes Of Action, Rendering Them Deficient As A Matter Of Law....................12

    V.    CONCLUSION ......................................................................................................15

ii

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advertising Display Sys. 1, L.L.C. v. City & County of San Francisco*,
No. C 06-1020 .................................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................6

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ..........................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................6

*Chino MHC, LP v. City of Chino*,
210 Cal. App. 4th 1049 (2012) ..............................................................10, 12

*Ciani v. San Diego Trust & Sav. Bank*,
233 Cal. App. 3d 1604 (1991) ...............................................................10, 12

*City of Portland v. U.S.*,
969 F.3d 1020 (9th Cir. 2020) ........................................................................5

*Cox Communs. PCS, Ltd. P'ship v. City of San Marcos*,
204 F. Supp. 2d 1272 (S.D. Cal. 2002) ...........................................................5

*Cummings v. City of Vernon*,
214 Cal. App. 3d 919 (1989) ..........................................................................8

*El Dorado Palm Springs v. Rent Review Com*,
230 Cal. App. 3d 335 (1991) ..........................................................................8

*Escalante v. Civil Serv. Comm'n of L.A.*,
2017 Cal. Super. LEXIS 18051 .......................................................................9

*GTE Mobilnet of Cal. Ltd. Partnership v. City of Berkeley*,
No. 20-cv-05460-DMR, 2023 U.S. Dist. LEXIS 52004 (N.D. Cal. Mar. 27, 2023) ...............15

*In re Petition for Declaratory Ruling to Clarify Provisions of Section 332(c)(7)(B)*,
24 FCC Rcd 13994 (2009) ...............................................................................4

*In re Sturm*,
11 Cal. 3d 258 (1974) ......................................................................................9

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ...................................................................2, 3, 7

*Mack v. South Bay Beer Distrib.*,
  798 F.2d 1279 (9th Cir. 1986) .................................................................2, 3, 7

*McKeever v. Block*,
  932 F.2d 795 (9th Cir. 1991) .......................................................................14

*New Cingular Wireless PCS, LLC v. Cty. of Marin Cal.*,
  No. 20-cv-07915-SI, 2021 U.S. Dist. LEXIS 31556 (N.D. Cal. Feb. 19, 2021) ..................5, 9

*Orsi v. City Council*,
  219 Cal. App. 3d 1576 (1990) ...............................................................10, 12, 13

*Park v. Thompson*,
  851 F.3d 910 (9th Cir. 2017) .......................................................................14

*Silvers v. Sony Pictures Ent., Inc.*,
  402 F.3d 881 (9th Cir. 2005) (en banc) .............................................................12

*Swars v. Council of Vallejo*,
  33 Cal. 2d 867 (1949) ..............................................................................9

*Topanga Ass'n for a Scenic Community v. County of Los Angeles*,
  11 Cal. 3d 506 (1974) ..............................................................................9

**Statutes**

28 U.S.C. § 1331 ......................................................................................3

28 U.S.C. § 1367 ......................................................................................3

28 U.S.C. § 1441 ......................................................................................3

28 U.S.C. § 1446 ......................................................................................3

47 U.S.C. § 332 ................................................................................4, 5, 8, 15

Cal. Gov. Code, § 65920 et seq. (Permit Streamlining Act)..............................................12

Cal. Gov. Code § 65964.1 ....................................................................... *passim*

San Mateo Municipal Code Section 17.10.070 ..........................................................3

**Other Authorities**

47 C.F.R. § 1.6002 ................................................................................2, 7, 8

47 C.F.R. § 1.6003 ............................................................................. *passim*

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF
MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165

*Acceleration of Broadband Deployment by Removing Barrier to Infrastructure Investment,*
   Declaratory Ruling and Third Report and Order, 33 FCC Rcd. 9088 (2018) (Sept. 27, 2018) ................................................................................................................4, 5

California Code of Civil Procedure § 1094.5 ...............................................................9

California Code of Civil Procedure § 1094.6 ...............................................................8

Federal Rule of Civil Procedure 8 .............................................................................14

Federal Rule of Civil Procedure 12(b)(6) .................................................................6, 7

Federal Rule of Evidence 201 ....................................................................................2

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF
MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on September 18, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11, 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable James Donato, Defendants Crown Castle Fiber LLC ("Crown Castle") and GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless[1] ("Verizon") will and hereby do jointly move the Court for an order dismissing the Verified Petition for Writ of Mandate with prejudice filed by Petitioner Stephen Kirby ("Petitioner") pursuant to Fed. R. Civ. P. 8 and 12(b)(6). The City Defendants have also indicated that they do not oppose this Motion.

This Motion is made on the grounds that Petitioner cannot state a claim for writ of mandate under his First and Second Causes of Action because Crown Castle's Wireless Communications Facilities Permit (the "Permit") application was deemed approved as a matter of law under California Government Code § 65964.1 and federal regulation 47 C.F.R. § 1.6003(c)(i). The City of San Mateo (the "City" or "San Mateo") did not take final action on the Permit within the applicable time limit set by Federal Communications Commission ("FCC") rules, 47 C.F.R. § 1.6003(c)(i) (the "Shot Clock Rules"), and thus the Permit was deemed approved prior to the City's final administrative action which is the basis of Petitioner's causes of action.

The Motion is supported by this Notice, the Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and documents on file in this case, and on such other written and oral argument as may be presented to the Court on this Motion.

---

[1] Petitioner incorrectly named "Verizon Wireless." The proper party name is GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless.

## STATEMENT OF THE ISSUES TO BE DECIDED

Pursuant to Civil L.R. 7-4, Defendants Crown Castle Fiber LLC ("Crown Castle") and Verizon Wireless ("Verizon") jointly by and through this Motion respectfully request decision on the following issues:

1.    Whether Crown Castle's application for a wireless permit was deemed approved by operation of law on February 18, 2025 after the City failed to act on the application within 60 days, as extended by agreement of Crown Castle and the City, as required under 47 C.F.R. § 1.6003 because (a) City had not taken final action, and (b) pursuant to Cal. Gov. Code § 65964.1, Crown Castle provided notice to the City that the time for the City to take its final action under federal law had run; and

2.    Whether Petitioner cannot state a claim for writ of mandate because the City had no authority to decide Petitioner's appeal and issue a written statement of decision on April 1, 2025 after Crown Castle's application was deemed approved on February 18, 2025.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

Petitioner's Verified Petition for Writ of Mandate (the "Complaint") appeals the April 1, 2025, decision ("Decision") of the City of San Mateo's (the "City") Sustainability & Infrastructure Commission (the "Commission").    In the Decision, the Commission denied Petitioner's administrative appeal of the Public Works Department Director's conditional approval of a wireless permit ("Permit") for Crown Castle to install a small wireless facility on a wooden utility pole in the public right of way.  Petitioner claims that the Commission lacked jurisdiction (Cause of Action I) and that the decision was not supported by the evidence (Cause of Action II).

Petitioner's Complaint must be dismissed because pursuant to Government Code § 65964.1, Crown Castle's Permit was deemed approved by operation of law on February 18, 2025—mooting the Decision that Petitioner challenges in its two Causes of Action.  Government Code § 65964.1 provides that if a city fails to take final action on an application for a personal wireless facility within the timelines established by FCC regulation, the applicant can deem the application approved as a matter of law.  Cal. Gov. Code § 65964.1.    Under FCC regulations, the reasonable time for the City to act on an application to install a small wireless facility on an existing utility pole in the public rights of way, such as Crown Castle proposes, is 60 days.  47 C.F.R. § 1.6003(c)(1)(i).  Crown Castle applied for the Permit on July 11, 2023.  However, to facilitate the City's review, Crown Castle agreed to an extension of the deadline for City action until February 7, 2025.  The City had not taken its final action on the Permit by February 7. 2025, and, therefore, on February 18, 2025, Crown Castle sent the City written notice under Government Code § 65964.1 that the Permit was deemed approved.  Although Crown Castle subsequently agreed to extend the time for the City to appeal the deemed approval until after the City completed the public hearing process related to the application, the City did not appeal within thirty days thereafter, or since.  Petitioner lacks standing to challenge the deemed approval because Government Code § 65964.1 grants only the City standing to appeal.

Crown Castle's deemed approval renders all of the claims in Petitioner's Complaint moot because those claims all challenge the Decision of the Commission, which was rendered ineffective

by the deemed-approval pursuant to Government Code § 65964.1.  The Commission's action, *after Crown Castle's deemed approval*, of issuing a written decision addressing Petitioner's administrative appeal was untimely, *ultra vires*, and of no legal effect.  Defendants Crown Castle and Verizon therefore move this Court to dismiss the Complaint for failure to state a claim.

## II.    BACKGROUND

The allegations of the Complaint are accepted as true for purposes of this memorandum, but Crown Castle and Verizon provide a brief summary of the factual background and applicable law to provide context for the following discussion.

### A.    Crown Castle's Permit Application

Crown Castle is a provider of telecommunications services to various customers, including wireless carriers, such as Verizon.  *See* Compl. ¶¶ 10-11.  Crown Castle's services include installation of telecommunications networks in public rights of way that integrate personal wireless services facilities, such as antennas and related equipment.  *See id*. at ¶ 10.

On July 11, 2023, Crown Castle, submitted its Permit application, permit number WC-2023-000200, (also referred to as site "CA_SF_198M1") to the City of San Mateo's Public Works Department seeking to install a new small wireless facility and associated equipment on an existing utility pole located in a landscaped strip of land that is a public right of way adjacent to 724 West Poplar Avenue in San Mateo ("Application").  *See* Compl. ¶¶ 53, 55.  The specific equipment Crown Castle sought to install qualifies as a "Small Wireless Facility" under 47 C.F.R. § 1.6002(l) because, as Petitioner admits, it is an "approximately 3-foot-tall brown antenna canister at 20-foot elevation protruding 4 feet 9 inches from the center of the pole."  *See id*. at ¶ 55; *see also Declaration of Paige E. Adaskaveg* ("Adaskaveg Dec."), Ex. A (Permit Application excerpt).[2]    The Public Works

---

[2] Under Fed. R. Evid. 201, the Court may take judicial notice of matters of public record, including the Permit and materials.  *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  The Court may consider Crown Castle's Permit application because Petitioner references the Permit application in the Complaint, does not contest its authenticity, and relies on it.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[A] court may consider material which is properly submitted as part of the complaint on a motion to dismiss." "If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.") (internal citations and quotations omitted).

Department Director conditionally approved the Permit on February 7, 2025 and posted a notice of the decision to the City website in accordance with Section 17.10.070 of the San Mateo Municipal Code ("SMMC").  *See id.* at ¶ 88.  On February 12, 2025, Petitioner filed an appeal with the Commission challenging the Director's conditional approval.  *See id.* at ¶ 90.

On February 18, 2025, Crown Castle delivered to the City written notice that the time for the City to act, as defined by FCC regulations, had lapsed on February 7, 2025, and that Crown Castle's Permit was deemed approved by operation of law.  *Id.* at ¶ 94; Adaskaveg Dec., Ex. B (deemed approved notice letter).  The written notice specifically cited the date on which the FCC's 60-day shot clock expired (February 7, 2025) and noted that, pursuant to Cal. Gov. Code section 65964.1, the Permit was deemed approved.  *Id.*  In a letter on March 9, 2025, Crown Castle stated that although it was under no obligation to do so and "[w]ithout waiving any rights or remedies available to Crown Castle pursuant to applicable state and federal law," it would participate virtually in the appeal process "to conduct business in good faith."  *See id.* at ¶ 95; Adaskaveg Dec., Ex. C (March 9 Letter); *see also Lee*, 250 F.3d, at 688; *Mack*, 798 F.2d at 1282.  Crown Castle's March 9 Letter also stated that "to allow sufficient time for the [Commission] hearings to take place" Crown Castle agreed to "toll the City's 30-day period(s) for challenging the deemed-approved status" of any of the listed applications, which included the Permit at issue in this case.  *See* Compl. ¶ 96.  The Commission held a public appeal hearing on March 26, 2025, and on the same day, orally voted to deny the appeals and adopt a written statement of the decision.  *Id.* at ¶¶ 102, 115.  The Chair of the Commission signed the written Statement of Decision explaining the legal and factual basis for its denial of Petitioner's appeal on April 1, 2025.  *See id.* at ¶ 122.

The City has not challenged Crown Castle's notice that the Permit is deemed approved.  *See* Compl. ¶ 96; Cal. Gov. Code § 65964.1.

**B.**    **Petitioner's Writ of Mandate Lawsuit and Defendants' Removal**

Petitioner filed the instant lawsuit on June 20, 2025 in the Superior Court of California for the County of San Mateo.  Dkt. #1, Ex. A.  Crown Castle timely removed the lawsuit to this Court under 28 U.S.C. §§ 1331, 1367, 1441(c), and 1446 to ensure that this Court could address the substantial

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165

1   federal questions alleged in the Complaint under 47 U.S.C. § 332(c)(7)(B)(i)(II), 47 U.S.C. §

2   332(c)(7)(B)(ii), and the FCC Shot Clock Rules at 47 C.F.R. § 1.6003.  Dkt. #1.

3       **C.**      **Applicable Federal and State Legal Authorities for Small Wireless Facilities**

4           1.     *Federal Authority: The Communications Act, Shot Clock Rules, and the Small*
                   *Cell Order*
5

6           As the Complaint recognizes, the federal Communications Act is a fundamental part of the

7   issues in this case.  Section 332(c)(7)(B) of the Communications Act, imposes specific substantive

8   and procedural limits on the authority of local governments, such as the City, in their evaluation of

9   applications to install personal wireless facilities, such as the Small Wireless Facility sought in Crown

10  Castle's Permit application.  The Communications Act requires local governments to regulate the

11  siting of wireless facilities within specific limitations outlined by Congress.

12          Relevant to this Motion, under Section 332(c)(7)(B)(ii), local governments must act on such

13  applications within a "reasonable period of time." 47 U.S.C. § 332(c)(7)(B)(ii).  The FCC has adopted

14  regulations defining reasonable times for local governments to act on wireless permit applications

15  known as the Shot Clock Rules.  47 C.F.R. § 1.6003.  Since at least 2009, the FCC has set time limits

16  for local authorities to act on applications to deploy wireless facilities.  *In re Petition for Declaratory*

17  *Ruling to Clarify Provisions of Section 332(c)(7)(B)*, 24 FCC Rcd 13994, 14012 (2009).  In 2018, the

18  FCC issued a Declaratory Ruling broadening the application of the Shot Clock Rules and shortening

19  the time limits, specifying that state and local governments now have 60 days to decide applications

20  for installations on existing infrastructure.  *Acceleration of Broadband Deployment by Removing*

21  *Barrier to Infrastructure Investment,* Declaratory Ruling and Third Report and Order, 33 FCC Rcd.

22  9088, 2018 WL 4678555 (2018) (Sept. 27, 2018) (the "*FCC 2018 Order*" or what Plaintiff calls the

23  "*Small Cell Order*").  In the *FCC 2018 Order*, the FCC explained that the shorter time periods were

24  warranted because Section 332(c)(7)(B)(i)(II) was violated if the local government's denial

25  "materially inhibited" the provision of personal wireless services, including when delays on an

26  application decision were so serious they would "virtually bar providers from deploying wireless

27  facilities."  *FCC 2018 Order* at ¶ 126.  The Ninth Circuit affirmed the FCC's new Shot Clock Rules

28

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF
MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165

1   on appeal.  *See City of Portland v. U.S.*, 969 F.3d 1020, 1044 (9th Cir. 2020), *cert. denied*, 141 S.Ct.

2   2855 (2021).  Therefore, under the Shot Clock Rules, there is a 60-day shot clock for small wireless

3   facilities installed on an existing structure, such as Crown Castle's Permit at issue in this case.  47

4   C.F.R. § 1.6003.

5       The FCC has determined that the phrase "any request for authorization to place, construct, or

6   modify personal wireless service facilities" under Section 332(c)(7)(B)(ii) includes all authorizations

7   necessary for the deployment of personal wireless services infrastructure.  *See Small Cell Order* at ¶

8   132.  The time in which a city must act under the Shot Clock Rule includes all aspects of and steps in

9   the permitting process, including building permits, public notices and meetings, lease negotiations,

10  electric permits, road closure permits, aesthetic approvals, and other authorizations needed for

11  deployment.  *See id*. at ¶¶ 132-133.  Therefore, under the Shot Clock Rules, the entire approval

12  process necessary for deployment must be completed and final action taken within a reasonable time

13  period, as defined by the Shot Clock Rules.  *See id*. at ¶ 135.

14      Under the FCC Rules, the shot clock begins on the day after the date when the application was

15  submitted and includes any "pre-application period asserted by the siting authority."  47 C.F.R. §

16  1.6003(e).  Crown Castle submitted its Permit application on July 11, 2023, and the 60-day shot clock

17  began running the next day.  Compl. ¶ 53; 47 C.F.R. § 1.6003(e).  The shot clock expired on February

18  7, 2025 because Crown Castle agreed to extend the shot clock multiple times for the City to further

19  review the project, ultimately setting an expiration date of February 7, 2025.  Compl. ¶ 94; Adaskaveg

20  Dec., Ex. D (shot clock extension agreement).  A challenge to a municipal permitting decision, or an

21  appeal of the denial of that challenge, such as the administrative appeal filed by Petitioner in this case,

22  does not toll or restart the shot clock.  *See New Cingular Wireless PCS, LLC v. Cty. of Marin Cal.*,

23  No. 20-cv-07915-SI, 2021 U.S. Dist. LEXIS 31556, at *11 (N.D. Cal. Feb. 19, 2021); *Cox Communs.*

24  *PCS, Ltd. P'ship v. City of San Marcos*, 204 F. Supp. 2d 1272, 1277 (S.D. Cal. 2002).  Once the

25  application is submitted, the shot clock begins and may only be tolled if the municipality notifies the

26  applicant within 10 days that the application is incomplete, or it may be extended by agreement of the

27  parties.  47 C.F.R. § 1.6003(d)(1).

28

2.    *State Authority: Cal. Gov. Code Section 65964.1*

California Government Code Section 65964.1 incorporates the federal Shot Clock Rules by reference and provides that if a local government fails to act within the applicable shot clock time period, the applicant can deem the application approved.  *See* Cal. Gov. Code § 65964.1.  Section 65964.1(a) states that a permit application is deemed approved when all of the following occur:

(1) The city or county fails to approve or disapprove the application within a reasonable period of time in accordance with the time periods and procedures established by applicable FCC rules;

(2) The applicant has provided all public notices regarding the application that the applicant is required to provide under applicable laws consistent with the public notice requirements for the application; and

(3) (A) The applicant has provided notice to the city or county that the reasonable time period has lapsed and that the application is deemed approved pursuant to this section; and

(B) Within 30 days of the notice provided pursuant to subparagraph (A), the city or county may seek judicial review of the operation of this section on the application.

Cal. Gov. Code § 65964.1(a).  As discussed below, Crown Castle's action deeming the Permit granted satisfied all of these conditions.  Compl. ¶¶ 94-96, 122.

## III.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a complaint for failure to state a claim due either to "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Further, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165

555 (2007) (internal quotation marks and citations omitted).  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Advertising Display Sys. 1, L.L.C. v. City & County of San Francisco*, No. C 06-1020 SBA, 2006 U.S. Dist. LEXIS 42055, at *8 (N.D. Cal. June 13, 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In this Rule 12(b)(6) motion, the Court may consider documents that are in the administrative record of Crown Castle's application, such as the Permit application documents, because Petitioner references the Permit application in the Complaint, does not contest its authenticity, and relies on it. *See Lee*, 250 F.3d, at 688 ("[A] court may consider material which is properly submitted as part of the complaint on a motion to dismiss." "If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.") (internal citations and quotations omitted).  The Permit is also a matter of public record.  *See Mack*, 798 F.2d at 1282.

## IV.    **ARGUMENT**

Petitioner's Complaint must be dismissed because even as alleged in the Complaint, the City failed to timely act under the Shot Clock Rules; Crown Castle provided written notice that the Permit was deemed approved pursuant to Government Code § 65964.1; and the City did not timely appeal the deemed approval.

### A.    **Crown Castle's Permit Application Was Deemed approved by Operation of Law on February 18, 2025.**

#### 1.    ***The Deadline For City Final Action Was February 7, 2025.***

According to the Complaint, Crown Castle applied for the Permit on July 11, 2023 to install an approximately three-foot-tall antenna canister, defined by 47 C.F.R § 1.6002(l) as a Small Wireless Facility.  *See* Compl. ¶¶ 51, 53, 55.  The application proposed siting the infrastructure on an existing structure—a wooden utility pole—in the public right of way.  *See id*. at ¶¶ 53, 55.  Therefore, the timeframe within which the City was required to take final action to complete the review process was 60 days.  47 C.F.R § 1.6003(c)(i); *Small Cell Order* ¶¶ 132-135; *Compl.* ¶¶ 51, 53, 55.

Under the FCC's Shot Clock Rules, and Section 65964.1, the deadline for the City's action can be extended by agreement of Crown Castle and the City.  47 C.F.R. § 1.6003(d); Cal. Gov. Code § 65964.1(a)(1).  Although not alleged in the Complaint, the Application record reveals that Crown Castle and the City agreed to extend the shot clock for the Permit application to February 7, 2025. *Compl.* ¶94; Adaskaveg Dec., Ex. D.  Thus, even using the facts most favorable to Plaintiff, the deadline for the City to take final action on the Permit application was February 7, 2025.

2.    ***The City Did Not Take Its Final Action Before February 18, 2025.***

a.    **Final Action Requires A Written Decision From the Commission**

Under the FCC's Shot Clock Rules, "action" means "a siting authority's grant of a siting application or issuance of a written decision denying a siting application."  47 C.F.R. § 1.6002(a). Consistent with 47 U.S.C. § 332(c)(7)(B)(iii), this rule recognizes that if the City wanted to deny Crown Castle's Permit, it must issue a written decision.  In this case, whether the City had granted the Permit is a question of whether the City had finally resolved Petitioner's administrative appeal of the Director's conditional approval.

Under California law, a party must exhaust the administrative process through the local agency's final action before judicial review is available under CCP § 1094.6.  *Cummings v. City of Vernon*, 214 Cal. App. 3d 919, 922 (1989).  CCP § 1094.6(b) states that a party may seek judicial review "not later than the 90ᵗʰ day following the date on which the decision becomes final" and subdivision 1094.6(f) states that "[i]n making a final decision . . . the local agency shall provide notice to the party that the time within which judicial review must be sought is governed by this section." CCP § 1094.6(b), (f).  Courts have held that these two subsections, read in conjunction, mean that an agency decision is "final" on the date when the agency provides notice to the aggrieved party of its right to seek judicial review pursuant to CCP § 1094.6.  *See Cummings*, 214 Cal. App. 3d at 922 ("[W]e conclude the Legislature intended the period to run from the date of giving notice."); *see also El Dorado Palm Springs v. Rent Review Com*, 230 Cal. App. 3d 335, 346 (1991) (a decision is final when issued in "final form" by the agency and an aggrieved party may seek judicial review of the decision at that time).  Therefore, the 90-day statute of limitations to seek judicial review under CCP

8

1    § 1094.6 is tolled until the notice required by subsection (f) is given.  *Escalante v. Civil Serv. Comm'n*

2    *of L.A.*, 2017 Cal. Super. LEXIS 18051.

3         Although not explicit in the statute, the courts have held that the local agency is required to

4    set forth its findings in writing to constitute a final action that then allows for judicial review via a

5    writ of mandate.  *See* CCP § 1094.5; *Topanga Ass'n for a Scenic Community v. County of Los Angeles*,

6    11 Cal. 3d 506, 515 (1974) ([I]mplicit in section 1094.5 is a requirement that the agency which

7    renders the challenged decision must set forth findings to bridge the analytic gap between the raw

8    evidence and ultimate decision or order.").  The findings, therefore, must be in written form for

9    purposes of judicial review in a writ of mandate.  An additional benefit of written findings is that

10   thorough and comprehensive findings in a final decision "enable the parties to the agency proceeding

11   to determine whether and on what basis they should seek review."  *See In re Sturm*, 11 Cal. 3d 258,

12   267 (1974); *Swars v. Council of Vallejo*, 33 Cal. 2d 867, 871 (1949).

13                    **b.        The City Had Not Taken Final Action Before February 18, 2025.**

14        To have taken its final action for purposes of the FCC Shot Clock Rules, the City must have

15   issued a written decision with findings on Petitioner's administrative appeal.  It did not do so before

16   February 18, 2025.  *See* Compl. ¶ 122.  The Director's conditional approval of the Permit on February

17   7, 2025, was not final, and it noted the Permit was only "conditionally" approved.  *See* Compl. ¶ 88.

18   The Director's conditional approval also noted that appeals could be filed to contest the conditional

19   approval within five (5) calendar days.  *See id.*  Petitioner and others appealed the conditional

20   approval to the Commission.  *See* Compl. ¶ 90.  Because Petitioner and others timely appealed the

21   Director's conditional approval, the conditional approval was not the final action of the City.  *New*

22   *Cingular Wireless* 2021 U.S. Dist. LEXIS 31556, at *11 ("a 'final agency action' is one that 'marks

23   the consummation of the agency's decisionmaking process'") (quoting *Omnipoint Holdings, Inc. v.*

24   *City of Cranston*, 586 F.3d 38, 47 (1st Cir. 2009)).  None of the City's intermediary administrative

25   actions prior to or after Crown Castle's written notice on February 18, 2025 constituted final action

26   on the application, restarted the 60-day shot clock, or stripped Crown Castle of its right to the deemed

27   approved Permit.

28

1      The Commission's subsequent hearing and vote (and Crown Castle's voluntary, virtual

2 participation in that hearing) on Petitioner's appeal, also did not extend the Shot Clock, as Plaintiff

3 appears to argue. *See* Compl. ¶¶ 102, 120-121; Adaskaveg Dec., Ex. C. As the FCC has made clear,

4 the ***entire approval process*** necessary for deployment must be completed within the reasonable time

5 period, as defined by the Shot Clock Rules. *Small Cell Order* at ¶¶ 132-135. The Shot Clock Rules

6 make clear that the only events that can toll or restart the 60-day time period are a timely notice from

7 the City that the Permit application is incomplete, or a "written agreement" to an extension by the

8 city and applicant. *See* 47 C.F.R. § 1.6003(d) & (e). The Shot Clock Rules do not allow the 60 days

9 to be tolled or extended simply because a local government takes administrative action, such as

10 holding a hearing or even taking an oral vote. Therefore, the City's administrative actions before the

11 shot clock expired and Crown Castle issued the deemed approved letter, including the Director's

12 conditional approval on February 7, 2025, do not satisfy the City's obligation to take its final action

13 granting or denying the application within the applicable shot clock. 47 C.F.R. § 1.6003(d)(1) & (e);

14 *Small Cell Order* at ¶¶ 132-135; *see also infra* Section IV.B.

15      Moreover, as fully discussed *infra* Section IV.B., Crown Castle's participation in the appeal

16 hearing on March 26, 2025 did not extend the shot clock because the hearing occurred after the shot

17 clock lapsed and Crown Castle had notified the City of its deemed approved Permit application. *See*

18 Compl. ¶¶ 94, 102, 115, 122; *see e.g., Chino MHC, LP v. City of Chino*, 210 Cal. App. 4th 1049,

19 1076-1077 (2012) (once a permit application is deemed complete by expiration of 30-day period

20 without agency action, it necessarily follows that the agency cannot later deny the application on

21 grounds it is incomplete); *Ciani v. San Diego Trust & Sav. Bank*, 233 Cal. App. 3d 1604, 1613 (1991)

22 ("tardy issuance of a paper permit by the agency which has too long delayed in its original obligation

23 should have no effect upon the prior operative date of the permit acquired by operation of law"); *Orsi*

24 *v. City Council*, 219 Cal. App. 3d 1576, 1587-1588 (1990) (actions by agency after permit was

25 deemed approved by operation of law are of no effect). Crown Castle informed the City before

26 participating in the appeal hearing that it would participate solely as a show of good faith and

27 transparency to the public. *See* Compl. ¶ 95. Crown Castle made clear that its participation was

28

"[w]ithout waiving any rights or remedies available to Crown Castle pursuant to applicable state and federal law," which would include the Shot Clock Rules and Cal. Gov. Code § 65964.1.  Adaskaveg Dec., Ex. C.  Crown Castle's voluntary participation did not toll the shot clock period or nullify the deemed approved Permit.  *See* 47 C.F.R. § 1.6003(c)(i); Cal. Gov. Code § 65964.1.

### 3.    *Crown Castle complied with all federal, state, and local requirements to make the deemed approval effective.*

On February 18, 2025, Crown Castle sent the City the required notice letter pursuant to Cal. Gov. Code § 65964.1 stating that the FCC shot clock date for its Permit application had lapsed on February 7, 2025 and that its Permit was deemed approved by operation of law pursuant to Cal. Gov. Code § 65964.1.  Cal. Gov. Code § 65964.1(a)(1)(A); Compl. ¶¶ 52, 94. While there are no "magic words" the applicant must use, Crown Castle's February 18, 2025 notice letter makes clear to the City that the FCC shot clock period had lapsed on February 7, 2025 and that the Permit was therefore deemed approved pursuant to Cal. Gov. Code § 65964.1(a)(3)(A); Compl. ¶ 94.

### 4.    *The City did not seek judicial review of Crown Castle's deemed approved notice.*

Under Section 65964.1, after Crown Castle issued the deemed approved notice, the City has 30 days after receiving notice in the deemed approved letter to challenge it through judicial review. Cal. Gov. Code § 65964.1(a)(1)(B); Compl. ¶¶ 94-96.  As alleged in the Complaint, Crown Castle agreed to temporarily toll the 30-day deadline for the City to challenge the deemed approved notice. Complaint ¶ 96.  Crown Castle's March 9 letter stated that "to allow sufficient time for the [Commission] hearings to take place" Crown Castle agreed to "toll the City's 30-day period(s) for challenging the deemed-approved status" of any of the listed applications, which included the Permit at issue in this case.  *See* Compl. ¶ 96.  Under Crown Castle's March 9, 2025 letter, the time for the City to appeal the deemed approved remedy started no later than after the Commission hearing took place, which was March 26, 2025.  Compl. ¶ 95.  However, the City did not seek judicial review of Crown Castle's deemed approved notice within thirty days after the March 26, 2025 hearing, and has not done so even now, over four months later.  Therefore, the deemed approved notice is final.

Although he attacks the deemed approved notice in the Complaint (without stating a formal cause of action), Petitioner lacks standing to challenge the deemed approval of the Permit under Section 65964.1.  Section 65964.1(a)(3)(B) provides a right of appeal only for the City, stating "[w]ithin 30 days of the notice provided pursuant to subparagraph (A), *the city or county may seek judicial review* of the operation of this section on the application."  Cal. Gov. Code § 65964.1(a)(3)(B) (emphasis added).  By granting only the "city or county" the ability to seek judicial review of a deemed approved notice, the statute excludes other parties from doing so.  *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (en banc).

**B.    The Deemed approved Permit Moots Petitioner's Two Causes Of Action, Rendering Them Deficient As A Matter Of Law.**

Petitioner cannot state a claim for his two causes of action because each challenges the Commission's April 1, 2025 Statement of Decision.  Compl. ¶¶ 139, 158-160, 163.  However, for all the reasons demonstrated above, the City was deprived of any authority to take further administrative action on the Permit after Crown Castle deemed the Permit granted on February 18, 2025.  *See Chino MHC, LP v. City of Chino*, 210 Cal. App. 4th 1049, 1076-1077 (2012) (once a permit application is deemed complete by expiration of 30-day period without agency action, it necessarily follows that the agency cannot later deny the application on grounds it is incomplete); *Ciani v. San Diego Trust & Sav. Bank*, 233 Cal. App. 3d 1604, 1613 (1991) ("tardy issuance of a paper permit by the agency which has too long delayed in its original obligation should have no effect upon the prior operative date of the permit acquired by operation of law"); *Orsi v. City Council*, 219 Cal. App. 3d 1576, 1587-1588 (1990) (actions by agency after permit was deemed approved by operation of law are of no effect).

*Orsi* is a factually analogous deemed approval case that arose in the context of the Permit Streamlining Act (PSA) (Cal. Gov. Code, § 65920 et seq.), a statute like section 65964.1 and the Shot Clock Rules that recognizes that an agency's delay can constitute an effective permit denial.  *See Orsi*, 219 Cal. App. 3d at 1584.  The PSA sets time limits by which a reviewing agency must determine the application's completeness (thirty days) and then must act to either approve or deny it (for the "planned unit development" permit in the *Orsi* case, six months).  *See id.* at 1583. In *Orsi*,

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165

1    the court determined that plaintiff developers submitted their application on May 27, 1986, and it was

2    deemed complete on June 26, 1986 because the defendant city did not act within 30 days.  *See id*. at

3    1584.  The court further held that the application was deemed approved by operation of law on

4    December 26, 1986 because the city did not approve or deny it within six months.  *See id*. at 1587.

5    Critically, the court rejected the city's claim that the developers' participation in the city council's

6    public meetings after the deemed approval had waived or extended the mandatory six-month time

7    limit and held that the city had no power to deny the application after deadline had passed.  *See id*. at

8    1588 ("When council failed to approve or disapprove plaintiffs' project by December 26, 1986, it was

9    approved by operation of law. Subsequent acts of the City culminating in the eventual 'denial' of

10   plaintiffs' application were to no effect.").  *Orsi* therefore stands for the dual proposition that once a

11   permit is deemed approved by operation of law, the reviewing agency's subsequent administrative

12   actions have no effect, and the applicant's voluntary participation after the deemed approval deadline

13   does not automatically or impliedly waive or extend the mandatory time period.

14          Petitioner's allegation that the City acted on Crown Castle's Permit application within a

15   reasonable period of time as set forth by the FCC Shot Clock Rules is not supported by law or any

16   fact alleged in the Complaint.  Compl. ¶ 119; *see Orsi*, 219 Cal. App. 3d at 1588.  By agreement

17   between the City and Crown Castle, the deadline for the City to take final action on Crown Castle's

18   Permit was February 7, 2025.  Adaskaveg Dec., Ex. D**.**  Neither the Director's conditional approval

19   of the Permit on the same day, Crown Castle's participation in the March 26, 2025 hearing nor the

20   Commission's oral vote at that hearing extend that deadline or constitute final action by the City.  *See*

21   *Orsi*, 219 Cal. App. 3d at 1587 ("Under no circumstances can [participation in hearing] be construed

22   as an agreement to extend the time limits.").  Moreover, as *Orsi* makes clear, the City's actions to

23   approve or deny the permit after the deemed approval, including the written statement of decision,

24   are of no effect.  *Id*. at 1588.

25          For the same reasons, Crown Castle's agreement to temporarily toll the City's deadline to

26   challenge the deemed approved notice letter has no bearing on whether the City took its final

27   administrative action prior to expiration of the shot clock.  Crown Castle's March 9, 2025 letter made

28

clear that 1) it was not waiving or withdrawing its deemed approved notice, and 2) it only extended the 30-day period for the City to challenge the sufficiency of the deemed approved notice, not withdrawing the deemed approval.  *See* Compl. ¶¶ 95-96.  The March 9, 2025 letter did not extend the FCC Shot Clock period or nullify the deemed approval.  *Id*.  Indeed, by agreeing to temporarily toll the City's time to *appeal*, Crown Castle's March 9 letter reaffirmed Crown Castle's position that the deemed approved letter was effective and controlling.

Finally, Petitioner's assertion that "Petitioner is not informed whether the Section 65964.1 Letter correctly reflects the applicable FCC shot dates calculation, and on that basis disputes the validity of the Section 65964.1 Letter," Compl. ¶ 116, fails to allege facts sufficient to overcome a motion to dismiss.  The allegation in paragraph 116 of the Complaint states that Petitioner does not have any facts—indeed, lacks even information and belief ("is not informed")—to support an allegation that the shot clock dates identified in the February 18 letter are wrong.  The Petitioner's lack of information is not sufficient to support an allegation that the deemed approved letter used the wrong shot clock deadline. *Park v. Thompson*, 851 F.3d 910, 928–929 (9th Cir. 2017);  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (Fed. R. Civ. P. 8 requires allegations sufficient to put opponents on fair notice of claims).  Again, Petitioner lacks standing to raise any of these challenges to the deemed approval notice—only the City may appeal under Section 65964.1.  Cal. Gov. Code § 65964.1(a)(3)(B).

Moreover, Petitioner's allegation that Crown Castle stated during a presentation to the Commission that it "re-submitted" the application "numerous times," but that Crown Castle "did not provide additional notifications for each re-submittal" is unsupported by fact and legally irrelevant. Compl. ¶ 117.  The Complaint alleges the application was submitted July 11, 2023.  Compl. ¶ 53. Petitioner has not alleged any fact regarding any subsequent "re-submittal" of the application, much less that the application was re-submitted close enough in time that the 60-day shot clock would have ended after February 18, 2025.

Under 47 C.F.R. § 1.6003(d)(2)(iii), only a request for additional information by the local jurisdiction can extend the shot clock deadline and only if it is made within 30 days after the

14

1   application was filed and states that the application is incomplete.  47 C.F.R. § 1.6003(d).  Any request

2   for information after this 30-day deadline does not impact the shot clock deadline.  *GTE Mobilnet of*

3   *Cal. Ltd. Partnership v. City of Berkeley*, No. 20-cv-05460-DMR, 2023 U.S. Dist. LEXIS 52004, at

4   *34 (N.D. Cal. Mar. 27, 2023) (holding city's request for additional information on wireless permit

5   did not toll FCC shot clock deadline).  Petitioner's Complaint does not allege that the City gave timely

6   notice of an incomplete application to toll the shot clock.  *See* Compl. ¶ 118.

7         Likewise, Petitioner's assertion that Crown Castle was required to provide notice upon each

8   re-submittal, and that the deemed approved letter "is invalid because the Applicant has not provided

9   notice up each re-submittal, is unsupported.  Compl. ¶ 118.  There is no requirement in Section

10  65964.1, the FCC's rules, or the Communications Act that a company provide notice to anyone with

11  a submission or resubmission of a permit application.  Cal. Gov. Code § 65964.1; 47 C.F.R. § 1.6003;

12  47 U.S.C. § 332(c)(7)(B)(ii).

13        Therefore, Petitioner's claim that Crown Castle's February 18, 2025 deemed approval notice

14  letter is "invalid" because Crown Castle had not submitted "notice upon each re-submittal" of the

15  Permit application is at odds with existing federal case law.  *See* Compl. ¶ 118; *GTE Mobilnet v.*

16  *Berkeley*, 2023 U.S. Dist. LEXIS 52004 at *34.

17        Petitioner, therefore, cannot state a claim for his two Causes of Action because the Decision

18  on which those Causes of Action are based is legally ineffective; there is no final action by the City

19  for Petitioner to challenge.  Crown Castle's deemed approved notice is the final action, and only the

20  City had the ability to seek judicial review of that notice under Cal. Gov. Code § 65964.1(a)(3)(B),

21  which it did not.

22  **V.    CONCLUSION**

23        For the reasons above, the Court should dismiss the Complaint in its entirety with prejudice.

24

25

26

27

28

1    Dated:  August 12, 2025

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO, P.C.

*/s/ Paige E. Adaskaveg*
Paige E. Adaskaveg
Thomas Scott Thompson (*Pro Hac Vice pending*)
Ryan T. Dougherty (*Pro Hac Vice pending*)

Attorneys for Real Party in Interest/Defendant
CROWN CASTLE FIBER LLC and GTE
MOBILNET OF CALIFORNIA LIMITED
PARTNERHSHIP d/b/a VERIZON WIRELESS

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF
MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF – CASE NO. 3:25-CV-06165