Thomas Scott Thompson (*Pro Hac Vice pending*)
Ryan T. Dougherty (*Pro Hac Vice pending*)
SThompson@mintz.com
RTDougherty@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
555 12th Street NW, Suite 1100
Washington, D.C. 20004
Tel: 202-434-7300
Fax: 202-434-7400

Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: 415-432-6000
Fax: 415-432-6001

Attorneys for Real Parties in Interest/Defendants
CROWN CASTLE FIBER LLC AND VERIZON WIRELESS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN KIRBY, an individual,<br><br>Petitioner,<br>vs.<br><br>CITY OF SAN MATEO, by and through the CITY COUNCIL OF THE CITY OF SAN MATEO; MATT FABRY, an individual, in his capacity as the Director of the Public Works Department of the City of San Mateo; and the SUSTAINABILITY & INFRASTRUCTURE COMMISSION OF THE CITY OF SAN MATEO,<br><br>Respondents,<br><br>CROWN CASTLE FIBER LLC, a New York limited liability company; and VERIZON WIRELESS,<br><br>Real Parties in Interest. | Case No. 3:25-cv-06165<br><br>**DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date: September 18, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato<br>Ctrm: Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Complaint Filed: June 20, 2025<br>Trial: TBD |

Defendants/Real Parties in Interest Crown Castle Fiber LLC ("Crown Castle") and GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless[1] ("Verizon") (collectively, "Defendants"), hereby oppose Plaintiff Stephen Kirby's Request for Judicial Notice (the "Request") in Support of his Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss (ECF Dkt. 21). Plaintiff's Request does not satisfy the requirements for judicial notice under Federal Rules of Evidence 201 because (1) it asks that the Court take notice of counsel's unofficial "transcription" of an oral statement at the City's permit appeal hearing on March 26, 2025, (2) improperly argues about Crown Castle's statements at the appeal hearing without citation, and (3) asks the Court to take notice of an email that is not part of the administrative record and introduces new facts that are not alleged in the Complaint (and are thus inadmissible for defending a Fed. R. Civ. P. 12(b)(6) motion). Therefore, Plaintiff's Request does not satisfy Fed. R. Evid. 201(b) because it does not ask for judicial notice of a fact that is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot be questioned."

First, Plaintiff's counsel's unofficial allegation of certain statements made at the March 26, 2025 appeal hearing does not have the credibility to be rewarded judicial notice. Requesting that the Court take notice of statements allegedly made at the appeal hearing, with no official transcript, but, instead, as reported by Plaintiff's counsel, is requesting notice of pure hearsay. *See* Fed. R. Evid. 801. Plaintiff does not offer or explain how Plaintiff's counsel's recitation of out of court statements, offered for their truth of the matter asserted, are admissible under any exclusion or exception to the hearsay bar under either Evidence Rules 801 or 803. If the hearing is posted on the City of San Mateo's (the "City") public website, Plaintiff should have had the hearing officially transcribed and then submit the relevant portions of the transcript as an exhibit for judicial notice. Moreover, the Best Evidence Rule requires that a party produce an "original" to prove the contents of a recording (*see* Federal Rule of Evidence 1002), and only under certain limited scenarios allows for use of "other

---

[1] Petitioner incorrectly named "Verizon Wireless." The proper party name is GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless.

evidence" (*e.g.*, testimony from a witness who saw or heard the original) (*see* Federal Rule of Evidence 1004). Plaintiff has not explained why the Court must accept his counsel's unofficial description of the appeal hearing, rather than asking for judicial notice of the "original", *i.e.*, the actual recording or official transcript.[2] Plaintiff chose not to do this and the Court should not reward its shortcut attempt. *See In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (taking judicial notice of uncontested call transcript); *see also Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (when fact established by transcript is subject to reasonable dispute, the identified fact does not qualify for judicial notice under Rule 201(b)).

Moreover, even if the Court is inclined to judicially notice Plaintiff's counsel's recitation of the alleged statement by Crown Castle's representative in paragraph 4, the Court should strike paragraph 8 from Plaintiff's Request as improper argument and characterization of Crown's Castle's arguments writ large. Plaintiff asserts, without citation, that "[a]t the hearing, Crown Castle's representatives argued extensively that its permit application was complete, the facility qualified for a permit under the City's Design Standards and Crown Castle was entitle to the permit sought in the application." Plaintiff provides no citations for these allegations, no quotations attributable to Crown Castle, and no document in the record where these statements can be verified. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (judicial notice may be taken of public records); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court must also consider — and identify — which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Paragraph 8 is pure argument and characterization of Crown Castle's alleged statements and is therefore not proper grounds for a Request for Judicial Notice under Fed. R. Evid. 201. *Khoja*, 899 F.3d at 1000 ("It is improper to judicially notice a transcript when the

---

[2] Notably, transcripts of testimony from other proceedings may be admissible only if they are properly authenticated first. Here, Plaintiff has not even taken the first step of producing the transcript of the recording. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (prior trial testimony from other proceeding, even with counsel's affidavit stating that it was true and correct was not properly authenticated).

3
DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF HIS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO DISMISS – CASE NO. 3:25-CV-06165

1  substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to
2  what the [transcript] establishes."). Given that it is improper to request judicial notice of a *transcript*
3  that is subject to varying interpretations, it is certainly improper to request judicial notice of Plaintiff's
4  *characterizations of a discussion* where there is *no transcript* for the Court to notice. And in any
5  event, Plaintiff's request for judicial notice of paragraph 8 suffers from the same hearsay problems as
6  counsel's unofficial transcription in paragraph 4. The Court should strike this request as improper.

7        Finally, the Court should not take judicial notice of an email from outside the administrative
8  record in this case. Plaintiff requests that the Court take judicial notice of an April 25, 2025 email
9  from a Crown Castle employee to the City. As a threshold matter, this email was sent nearly a month
10 after the City took its final administrative action in this case and issued the written decision denying
11 Plaintiff's administrative appeal on April 1, 2025. Petitioner's Writ claims challenging the City's
12 final decision denying his administrative appeal of Crown Castle's wireless permit application is
13 limited to the administrative record that was before the City. *See Bixby v. Pierno*, 4 Cal. 3d 130, 144,
14 93 Cal. Rptr. 234, 243, 481 P.2d 242, 251 (1971) (trial court must review the entire administrative
15 record to determine whether the findings are supported by substantial evidence and whether the
16 agency committed any errors of law but need not look beyond that whole record of the administrative
17 proceedings). The administrative record closed, at the latest, on April 1, 2025—25 days prior to this
18 email. Thus, the email is not part of the administrative record and is irrelevant to the issues in this
19 litigation.

20       Additionally, Plaintiff is submitting the email for truth of the matter asserted, namely, that
21 Crown Castle's "acceptance that the Commission's action was valid" in denying Plaintiff's permit
22 appeal. *See* Opposition to Motion to Dismiss at 11. Plaintiff cites the April 25, 2025 email as proof
23 of that Crown Castle must have believed the City retained jurisdiction to administer the appeal, but
24 this fact is squarely in dispute (as made clear in Defendants' Motion to Dismiss that argues the City
25 lost jurisdiction once Crown Castle deemed the permit approved and therefore, the appeal process
26 was moot). The Court cannot take judicial notice of a fact that is in dispute, and Crown Castle's

27
28

"belief" as Plaintiff has alleged is demonstrated from the contents of this email, is a fact more properly elicited from a witness via deposition or at trial testimony.

Finally, the April 25, 2025 email is a document not referenced in the Complaint and is therefore inadmissible for defending a Fed. R. Civ. P. 12(b)(6) motion. Plaintiff does not refer to the April 25, 2025 email in the Complaint and does not rely on any of the statements made in it. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."); *In re Amylin Pharm., Inc. Sec. Litig.*, No. 01cv1455 BTM(NLS), 2002 U.S. Dist. LEXIS 19481, at *5 (S.D. Cal. Oct. 9, 2002). The Court should therefore not take notice of this "new fact" that Plaintiff improperly introduces as evidence in support of his Opposition to Defendants' Motion to Dismiss.

For these reasons, the Court should deny Plaintiff's improper request for judicial notice because he has not satisfied the requirements of Federal Rule of Evidence 201.

Dated: September 2, 2025

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO, P.C.

*/s/ Paige E. Adaskaveg*
Paige E. Adaskaveg
Thomas Scott Thompson (*Pro Hac Vice forthcoming*)
Ryan T. Dougherty (*Pro Hac Vice forthcoming*)

Attorneys for Real Parties in Interest/Defendant
CROWN CASTLE FIBER LLC and VERIZON WIRELESS