**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND**

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................... 1

I.    INTRODUCTION .................................................................................................. 5

II.   LEGAL STANDARD FOR REMOVAL................................................................. 6

III.    ARGUMENT ........................................................................................................ 8

A.   Section 332 Does Not Grant the Court Original Jurisdiction Over the Complaint. ................ 8

B.   At Most, Petitioner's Discussion of Federal Law is in the Nature of an Anticipatory Rebuttal of Partial Federal Preemption. ..................................................... 9

C.   Crown's Notice does Not Demonstrate that the Substantial Federal Question Doctrine Applies to the Complaint. ........................................................................ 10

1.    The Second Cause of Action can be Resolved without Recourse to Federal Law............... 10

2.    Federal Jurisdiction Cannot Attach on Account of Anticipatory Rebuttal of a Defense. ..... 13

3.    Federal Jurisdiction Over the Complaint Based on Section 6594.1 is Barred by *Merrell Dow Pharmaceuticals Inc. v. Thompson.* ........................................................ 13

4.    No Ruling on a Disputed Interpretation of the FCC Shot Clock is Necessary..................... 15

5.    Federal Jurisdiction Over Government Code Section 6965.1 is Not Consistent with Section 1367(c). .................................................................................... 15

D.   Any Federal Issues are Not Substantial or Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance Approved by Congress. ................................... 16

1.    The Federal Issues Raised by the Correct Interpretation of San Mateo's Permitting Rules are not "Substantial." ................................................................ 16

2.    Expansive Federal Jurisdiction is Inconsistent with the Federal-State Balance Approved by Congress Under Section 332.............................................................. 17

E.   Crown Lacks an Objective Basis for Seeking Removal and the Court Should Award Just Costs and Legal Fees. ..................................................................... 19

IV.    CONCLUSION...................................................................................................... 19

**TABLE OF AUTHORITIES**

<u>**Cases**</u>

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) — 14

*City of Chi. v. Int'l College of Surgeons,* 522 U.S. 156 (1997) — 16

*Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677 (2006) — 8, 21

*Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) — 11

*Gunn v. Minton*, 568 U.S. 251 (2013) — *passim*

*Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005) — 20

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) — 7

*Martin v. Hunter's Lessee*, 14 U.S. 304 (1816) — 21

*Matthews v. Rodgers*, 284 U.S. 521 (1932) — 7

*Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986) — 14, 15

*New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473 (1912) — 21

*T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293 (2015) — 10, 20

*United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715 (1966) — 16

*Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021) — 16

*County of San Mateo v. Chevron Corp.*, 32 F.4th 733 (9th Cir. 2022) — 8

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) — 7

*Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992) — 8

*Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033 (9th Cir. 2003) — 7, 12

*Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062 (9th Cir. 2008) — 20

*MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106 (9th Cir. 2020) — 10

*Rains v. Criterion Systems, Inc.*, 80 F. 3d 339 (9th Cir. 1996) — 12

*Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) — 15

*Mulcahey v. Columbia Organic Chemical Co.*, 29 F.3d 148 (4th Cir. 1994) — 12

*Pinney v. Nokia, Inc.*, 402 F.3d 430 (4th Cir. 2005) — 12

*ExteNet Sys. v. City of Cambridge*, 481 F. Supp. 3d 41 (D. Mass. 2020) — 13

*Centurytel of Fairwater-Brandon-Alto, LLC v. Charter Fiberlink, LLC,* 588 F. Supp. 2d 968 (W.D. Wis. 2008) — 19

*Concerned Citizens v. Town of Avoca Planning Bd.,* 919 F. Supp. 643 (W.D. N.Y. 1996) — 10

*Drago v. Garment,* 691 F.Supp.2d 490 (S.D.N.Y. 2010) — 9, 19

*GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley*, 2024 U.S. Dist. LEXIS 194594 (N.D. Cal. Oct. 25, 2024) — 19

*Indust. Elec. & Comm. Inc. v. Town of Alton*, 710 F.Supp.2d 189 (D.N.H 2010) — 9

*Kinetic Sys. v. Fed. Fin. Bank,* 895 F. Supp. 2d 983 (N.D. Cal. 2012) — 9

*L.A. SMSA Ltd. P'ship v. City of L.A.*, 2021 U.S. Dist. LEXIS 160046 (C.D. Cal. Aug. 24, 2021) .......... 19

*Pac. Gas & Elec. Co. v. Ariz. Elec. Power Coop.,* Inc, 479 F. Supp. 2d 1113 (E.D. Cal. 2007) .......... 20

*Snyder v. Boise Cty.,* 2023 U.S. Dist. LEXIS 13526 (D. Idaho Jan. 25, 2023) .......... 9

*Teets v. T-Mobile Cent. LLC,* 679 F. Supp. 3d 611 (E.D. Mich. 2023) .......... 12, 13

*Desmond v. County of Contra Costa,* 21 Cal. App. 4th 330 (1993) .......... 13


**Statutes**

47 U.S. Code § 251 .......... 20
47 U.S. Code § 332 .......... *passim*
28 U.S. Code § 1331 .......... 8, 10
28 U.S. Code § 1367 .......... 16
28 U.S. Code § 1441 .......... 7, 8, 10
28 U.S. Code § 1446 .......... 8
28 U.S. Code § 1447 .......... 8, 10

Cal. Code of Civil Procedure section 1094.5 .......... 7, 18, 19
Cal. Government Code section 65965.1 .......... *passim*


**Federal Regulations**

47 C.F.R. § 1.6003 .......... 14


**Other Sources**

FCC, *Acceleration of Broadband Deployment by Removing Barrier to Infrastructure Investment, Declaratory Ruling and Third Report and Order*, 33 FCC Rcd. 9088 (Sept. 27, 2018) .......... 10, 16

*San Mateo 2021 Design Standards, Application Requirements, Conditions of Approval for Wireless Facilities in the Public Right of Way* .......... passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATEMENT OF THE ISSUES TO BE DECIDED

Pursuant to Civil L.R. 7-4, Stephen Kirby, Petitioner, respectfully requests decision on the following issues:

1.  Whether the Notice of Removal demonstrates that Petitioner prevailing on either of the two causes of actions in the Complaint necessarily requires resolution of a substantial disputed question of federal law.

2.  Whether the Complaint's discussion of California Government Code section 65965.1 is only in the nature of anticipatory defense that cannot be a basis for federal jurisdiction.

3.  Whether federal court enforcement of the deemed approval provision of Government Code section 6594.1 is appropriate where the Congress and the FCC chose not to afford such a remedy under federal law.

4.  Whether removal upsets the federal-state balance of responsibility over wireless facility zoning established by Congress.

5.  Whether state law issues predominate over federal issues.

6.  Whether Crown Castle lacked an objective basis for removal.

## I. INTRODUCTION

The Court lacks subject matter jurisdiction over this state law writ petition alleging that a municipal zoning permit was issued in violation of a local ordinance. The municipal rules voluntarily incorporated federal law terminology. However, without more, this does not "federalize" what, quintessentially, is traditionally an exclusively state law matter. Crown Castle and Verizon Wireless' ("Crown") Notice of Removal (Dkt. 1) ("Notice") clearly fails to allege relevant, ultimate facts necessary to establish federal question jurisdiction.[1]

This case arises out of the City of San Mateo's approval of Crown's application to install and operate a wireless facility on the sidewalk next to Petitioner Stephen Kirby's home. (Verified Petition for Writ of Mandate and Declaratory Relief, Dkt. 1, Attach. A ("Complaint"), ¶¶ 53-54.) Crown and the San Mateo Public Works Director acknowledged that the facility did not comply with the City's *2021 Design Standards, Application Requirements, Conditions of Approval for Wireless Facilities in the Public Right of Way* ("Design Standards") but concluded that Crown was eligible for a "Limited Exception" to build it anyway. (Complaint, ¶ 59.) To obtain a Limited Exception, an applicant must provide sufficient information for the City to make several conjunctive findings, including but not limited to that denial of the permit would result in an "effective prohibition of the applicant's personal wireless services" within the meaning of Telecommunications Act of 1996, U.S.C. § 332(c)(7)(B)(I)(ii). (Complaint, ¶ 151(k.) The Director approved the application and Petitioner filed an administrative appeal, which was denied by the San Mateo Sustainability & Infrastructure Commission ("Commission"). (Id., ¶

---

[1] In the interest of comprehensiveness, this Memorandum of Points and Authorities discusses hypothetical bases for jurisdiction beyond those alleged by Crown or supportable by the facts alleged in the Notice. This does not open the door to Crown asserting new bases for jurisdiction that it has otherwise waived or forfeited.

117.) Petitioner then filed a Verified Petition for Writ of Mandate and Declaratory Judgement (the "Complaint") in San Mateo Superior Court invoking Code of Civil Procedure section 1094.5.

The Complaint raises two causes of action asserting that (1) the Commission was not the appropriate appellate body granted jurisdiction over Petitioner's appeal under the City's wireless permitting ordinance procedures (First Cause of Action) and (2) the Director and Commission erred in approving a Limited Exception because Crown's application did not provide sufficient factual basis to make each of the required findings for a Limited Exception (Second Cause of Action). While the Complaint includes extensive discussion of federal law, controlling Supreme Court and Ninth Circuit precedent preclude this Court from disturbing Petitioner's chosen state court venue. Moreover, Crown's Notice fails to allege sufficient facts to establish federal jurisdiction.

## II. LEGAL STANDARD FOR REMOVAL

To sustain removal under 28 U.S. Code § 1441(a), the defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." "Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined[,]" *Matthews v. Rodgers*, 284 U.S. 521, 525 (1932), which "is strictly construed[.]" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Allowing removal in instances where the complaint does not facially present federal causes of action "raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1035 (9th Cir. 2003). "It is to be presumed that a cause lies outside this limited jurisdiction [citation omitted], and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*

1    *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal jurisdiction "must be

2    rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,*

3    980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the

4    district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

5

6        Within the meaning of 28 U.S. Code §§ 1331 and 1441(a), a case "arises under federal

7    law" in one of two ways. Most commonly and "directly, a case arises under federal law when

8    federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

9    However, there is also a "special and small category of cases" where federal jurisdiction applies

10   to causes of actions created by state law. *Id*. quoting *Empire HealthChoice Assur., Inc. v.*

11   *McVeigh*, 547 U.S. 677, 699 (2006). The Supreme Court has "condensed" the inquiry for this

12   second path into a sequential, four-step test of whether "a federal issue is: (1) necessarily raised,

13   (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

14   disrupting the federal-state balance approved by Congress." *Id*. This "test admits of only

15   extremely rare exceptions[.]" *Id*. Only where "all four of these requirements are met" may a

16   federal court take jurisdiction via the substantial federal question doctrine. *Id*. Cases that are

17   "fact-bound and situation-specific" are least likely to present a substantial federal question.

18

19   *Empire HealthChoice*, 547 U.S. at 700. "Only a few cases have ever fallen into this narrow

20   category." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022). This is not

21   one of them.

22

23        Procedurally, to initiate removal, a defendant need only file a "notice of removal signed

24   pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain

25   statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). While the notice need not include

26   detailed legal argument, it must "supply facts that would permit Plaintiff or the Court to

27

28

determine that" the applicable test for removal has been satisfied. *Kinetic Sys. v. Fed. Fin. Bank*, 895 F. Supp. 2d 983, 993 (N.D. Cal. 2012) ("while FFB's notice of removal does include a 'short and plain statement,' what it states is not actually the 'grounds for removal.'"). Crown's Notice, however, is facially deficient.

## III. ARGUMENT

### A.  Section 332 Does Not Grant the Court Original Jurisdiction Over the Complaint.

As relevant to this case, 47 U.S. Code § 332(c)(7) limits the authority of states and localities to *deny* zoning-type applications for "personal wireless service facilities" if the denial would "have the effect of prohibiting the provision of personal wireless services," and grants *applicants* a federal cause of action when a permit is denied in violation of Section 332. At the same time, it leaves undisturbed significant elements of traditional local authority over land use decisions.

Given the narrow focus on facilitating development of a national telecommunications network, it is well-settled that the Section 332 "imposes no restrictions on a state or locality's decision to *allow* the placement of personal wireless service facilities." *Indust. Elec. & Comm. Inc. v. Town of Alton*, 710 F.Supp.2d 189, 195 (D.N.H 2010) (emphasis in original). "[T]here is no provision in the TCA for relief of any kind for anyone—such as Plaintiffs—adversely affected by the granting of a cell tower application." *Snyder v. Boise Cty.,* 2023 U.S. Dist. LEXIS 13526, at *10 (D. Idaho Jan. 25, 2023) ("Plaintiffs lack standing to bring an action under the TCA to challenge Boise County's approval of Horizon's cell tower application.").

Because Petitioner is an intervening resident, not a telecommunications permittee, and the City *approved* the permit, it is obvious that none of the causes of action in the Complaint accrue to Petitioner under Section 332. Their source is solely in state law. The Complaint does

not allege any violation of federal law by any party. If Petitioner had originally sought to overturn San Mateo's permit approval in this Court by invoking any of the federal sources of law cited by Crown in its Notice, the Complaint would have been dismissed for lack of jurisdiction under 28 U.S. Code § 1331. *See, e.g., Drago v. Garment*, 691 F.Supp.2d 490 (S.D.N.Y. 2010). This cannot, via removal, now become a case over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

**B.  At Most, Petitioner's Discussion of Federal Law is in the Nature of an Anticipatory Rebuttal of Partial Federal Preemption.**

While not alleged by Crown Castle, it is relevant to point out that there is no basis here to assert federal preemption on account of complete preemption. *Cnty. of San Mateo*, 32 F.4th at 748. "The Telecommunications Act is premised on a system of cooperative federalism in which participating states are key partners to the federal government in regulating the telecommunications industry." *MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1118-19 (9th Cir. 2020) (cleaned up); see *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 303, (2015) (no complete preemption). By incorporating the effective prohibition standard into its Design Standards, San Mateo is exercising its maximum permitting authority without intruding into a domain preempted by Section 332. (Complaint, ¶¶ 22, 24).) To the extent that it involves federal law at all, Petitioner is arguing that Section 332's partial federal preemption does not interfere with the City's right to deny applications that are inconsistent with its Design Standards. The Notice acknowledges that the question (Notice, ¶¶ 10, 17 ("whether it is preempted by federal statute").) It is well-established that determinations of partial preemption do not justify federal jurisdiction over state law claims. *See, e.g., Concerned Citizens v. Town of Avoca Planning Bd.*, 919 F. Supp. 643, 647-48 (W.D. N.Y. 1996) ("laws that plaintiff seeks to enforce are state and

local, not federal. The only reference in the complaint to federal law is plaintiff's contention that these state and local laws are not preempted"). As a result, even if the Complaint raises a federal question, it is entirely in the nature of an anticipatory rebuttal of a potential federal preemption over the City's preference to deny permits to applications that do not conform to the Design Standards.

### C. Crown's Notice does Not Demonstrate that the Substantial Federal Question Doctrine Applies to the Complaint.

Petitioner's First Cause of Action, alleging that the San Mateo Sustainability & Infrastructure Commission, as opposed to a hearing officer, lacked jurisdiction under the City's ordinance, is purely a state law question. (Complaint, ¶ 137.) Crown seeks supplemental jurisdiction over this claim. (Notice, ¶¶ 15, 16.) It also claims original federal jurisdiction over this cause of action because Petitioner "links the first and second causes of action[.]" (Notice, ¶ 17.) However, this just reflects that jurisdiction actually turns on the Second Causes of Action.

### 1. The Second Cause of Action can be Resolved without Recourse to Federal Law.

The Notice asserts states that the case "fundamentally arises under federal law by asking the Court to reverse the FCC 2018 Order and the Ninth Circuit's affirmance by applying the Ninth Circuit's old standards for evaluating an effective prohibition under Section 332(c)(7)(B)(i)(II)." (Notice, ¶ 12.) This mischaracterizes the Cause of Action. But, even if accurate, federal jurisdiction does not turn on what Petitioner "asks," only what the court is *required* to determine.

"Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat'l Bank*, 299 U.S. 109, 115 (1936). Even if Petitioner's goal,

as Crown asserts, were to "ultimately challenge the FCC's regulations," this does not alter the test for federal jurisdiction. *Teets v. T-Mobile Cent. LLC*, 679 F. Supp. 3d 611, 617 (E.D. Mich. 2023); *see also*, *Lippitt*, 340 F.3d at 1044 (California Unfair Competition Law challenge to marketability of federally-regulated securities does not present an "inherently federal claim"). For instance, in *Pinney v. Nokia, Inc.*, the Fourth Circuit held that the district court erred by accepting federal jurisdiction on the basis that the plaintiff's "claims 'put . . . directly into dispute' the validity and sufficiency of the federal RF radiation standards for wireless telephones. . . . It should have considered only whether a disputed question of federal law is an essential element." 402 F.3d 430, 445 (4th Cir. 2005). It "is completely off the mark" to believe that a "'sufficient connection' between a federal regulatory regime and a state claim is enough to establish removal jurisdiction." *Id.* at 448. So too here, because Petitioner is not enforcing rights granted to him by Section 332 or the FCC's orders, he is enforcing the terms of a local ordinance, Crown has failed to establish each of the four elements of substantial federal question jurisdiction.

        Applying the appropriate standard, it is plain that Crown's assertion of federal question jurisdiction fails at the first step because a federal issue is not "necessarily raised" by the Complaint. *Gunn*, 568 U.S. at 258. Crown repeatedly uses the term "require" but the Notice alleges no facts to demonstrate that Petitioner can *only* prevail by recourse to federal issues. "When a claim can be supported by alternative and independent theories— one of which is a state law theory and one of which is a federal law theory— federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Systems, Inc.*, 80 F. 3d 339, 346 (9th Cir. 1996); *see also Mulcahey v. Columbia Organic Chemical Co.*, 29 F.3d 148, 153 (4th Cir. 1994) (violation of a "federal environmental statute was only an

1    alternative theory of liability under Plaintiffs' negligence claim contained in Count I."); *Teets,*

2    679 F. Supp. 3d at 618.

3         The Second Cause of Action claims violations of the City's wireless ordinance and

4    Design Standards application provisions. Some, but not all, are taken from the requirements in

5    47 U.S. Code § 332(c)(7) but these now have an independent existence under state law, *as well*

6    *as other requirements unrelated* to the interpretation or existence of an effective prohibition as

7    the term is used in federal law. If the City failed to adequately support any one of the mandatory

8    findings for permit approval, the City would be obligated to deny the application and Petitioner

9    would prevail on the Second Cause of Action. *Desmond v. County of Contra Costa*, 21 Cal. App.

10   4th 330, 336 (1993) ("Failure to make any one of these findings must result in denial of the

11   application for a land use permit."). Determining whether Crown submitted the materials

12   necessary to make the "Limited Exception" Design Standards Findings 1(B), (D) and (E) is only

13   a state law judicial task of interpreting the City's ordinance and design preferences. (Complaint,

14   ¶ 22.) See, e.g., *ExteNet Sys. v. City of Cambridge*, 481 F. Supp. 3d 41, 51 (D. Mass. 2020) (city

15   may deny permit for incompleteness). But the Notice ignores those claims. Petitioner can prevail

16   on the Second Cause of Action without the direct application and enforcement of federal law, so

17   removal is not available.

18        For instance, evaluating whether Crown submitted a "detailed written statement that

19   describes the technical objectives the applicant intends the proposed wireless facility to achieve",

20   provided a "meaningful comparative analysis with the factual reasons why all alternative

21   locations and/or designs identified in the administrative record . . . are not technically feasible or

22   potentially available" and "demonstrated to the Director that the proposed location and design is

23   the least non-compliant configuration that will reasonably achieve the applicant's reasonable and

clearly defined technical service objective" involve no question of federal law whatsoever. The City was not implementing or complying with federal law by demanding these findings, which are uniquely formulated by the City Council under its own legislative authority. Crown's Notice failed to include the ultimate facts necessary to establish original federal jurisdiction over the Second Cause of Action.

### 2. Federal Jurisdiction Cannot Attach on Account of Anticipatory Rebuttal of a Defense.

The Notice asserts that Complaint requires determinations of federal law because a threshold question is whether Government Code Section 65964.1 deemed the application approved. (Notice, ¶¶ 13-15.) However, discussion of Crown's allegation of deemed approval under Section 65964.1 is Petitioner's anticipatory rebuttal to a potential defense, not an affirmative cause of action. It is long-established that, even if federal, a defense, other than complete preemption, does not provide a basis for federal jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

### 3. Federal Jurisdiction Over the Complaint Based on Section 6594.1 is Barred by *Merrell Dow Pharmaceuticals Inc. v. Thompson*.

Crown's contention that enforcement of a California statute is a federal matter is also fundamentally wrong. In 2018, the FCC established "shot clocks" defining presumptively reasonable times by which a locality must act on a covered permit application. (Notice, ¶ 5.) *See* 47 C.F.R. § 1.6003. The FCC expressly declined to establish a deemed-approved remedy for a violation of this shot clock. FCC, *Acceleration of Broadband Deployment by Removing Barrier to Infrastructure Investment, Declaratory Ruling and Third Report and Order*, 33 FCC Rcd. 9088, 9092 (Sept. 27, 2018) ("we do not adopt a 'deemed granted' remedy for violations of our

new shot clocks[]"). As a result, the California Legislature decided to create a deemed approved

remedy that applicants could invoke based on violations of FCC regulations. Gov. Code §

65964.1(a)(1).

Crown contends that removal is appropriate because "any claim regarding Government

Code 65964.1 requires a determination of federal law." (Notice, ¶ 13.) However, as explained

above, reference to this section in the Complaint is solely in the nature a preemptive defense.

Even if this were not the case, "[f]ederal question jurisdiction is not created merely because a

violation of federal law is an element of a state law claim." *Wander v. Kaus*, 304 F.3d 856, 857

(9th Cir. 2002). To the contrary, where Congress did not provide individual plaintiffs with a

private federal remedy, such as in the Food, Drug, and Cosmetic Act, or where it did not allow

monetary damages, such as in Title III of the Americans with Disabilities Act, district courts

cannot enforce those remedies anyway under the guise that such violation is an incorporated

element of state law. *Id.* at 859; *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 812

(1986).

The Supreme Court has explained that it would

flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

*Merrell Dow Pharms., Inc.*, 478 U.S. at 812. Crown's invocation of federal jurisdiction over

Government Code section 65964.1 enforcement is precisely the type of action the Supreme Court

forbade.

1

### 4.   No Ruling on a Disputed Interpretation of the FCC Shot Clock is Necessary.

2

In addition to the above fatal flaw that Section 65965.1 is a defense, federal jurisdiction is

3

4

unavailable because resolution of the federal issue of FCC shot clock application is not

5

"necessary" for Petitioner to prevail. *Gunn,* 568 U.S. at 258. As shown in the Motion to Dismiss

6

filings, Petitioner and Crown disagree about whether Crown's participation in the City's appeal

7

process resulted in waiver of its right to a deemed-approved permit under state law. (*See,*

8

*generally*, Defendants Reply to Opposition to Motion to Dismiss [Dkt. 22] at 3-4.) Regardless of

9

10

who is correct, this is a question of state, not federal, law. Crown has also not presented any basis

11

to determine that the issue of federal shot clocks is "actually disputed" as required in the second

12

step of the four-part test. *Gunn*. 568 U.S. at 258.

13

14

### 5.   Federal Jurisdiction Over Government Code Section 6965.1 is Not Consistent
###       with Section 1367(c).

15

16

Even if Section 6965.1 facially presents a substantial federal question over which a

17

district court could exercise original jurisdiction, which it does not as explained above, this does

18

19

not automatically dictate that federal jurisdiction over the case is proper. 28 U.S. Code § 1367(c)

20

provides that the "district courts may decline to exercise supplemental jurisdiction over a claim

21

under subsection (a) if— [¶] (1) the claim raises a novel or complex issue of State law [or ¶] (2)

22

the claim substantially predominates over the claim or claims over which the district court has

23

24

original jurisdiction[.]" Courts must assess what approach "best serves the principles of

25

economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine[.]"

26

*Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021), quoting *City of Chi. v. Int'l College of*

27

*Surgeons*, 522 U.S. 156, 173 (1997). "Decisions of state law should be avoided." *United Mine*

28

*Workers of Amer. v. Gibbs*, 383 U.S. 715, 725 (1966).

Critically, the federal shot clock issue does not "substantially predominate" over the other state law issues in interpreting the California statute. "[I]f it appears that the state issues substantially predominate, whether, in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id.* at 726-27. The Motion to Dismiss presents an interpretation of first impression on the application of Government Code section 65965.1 for which no California appellate decisions exist. This presents a "novel" issue of state law that ought to be decided by a state court in the first instance. The interpretation of state law aspects of this statute will, necessarily, be essential and primary in this case making federal removal inappropriate.

### D.  Any Federal Issues are Not Substantial or Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance Approved by Congress.

Even if there are federal issues in the state causes of action asserted in the Complaint, they are do not meet the requirement that they be "substantial, and [] capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

### 1.  The Federal Issues Raised by the Correct Interpretation of San Mateo's Permitting Rules are not "Substantial."

The significance of the federal issue to the parties is not the focus of the inquiry but "the importance of the issue to the federal system as a whole." *Id.* at 260. State courts deciding federal issues does not threaten the system because "state courts can be expected to hew closely to the pertinent federal precedents." *Id.* at 262. "[t]he possibility that a state court will incorrectly

resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction[.]" *Id*. at 263.

Regardless of any superior court ruling on the validity of Crown's local permit or the evidence required to show an effective prohibition under San Mateo's policies, the FCC orders and rules will remain valid. Moreover, Section 332 grants telecommunication applicants a federal right to seek judicial recourse if a locality denies a permit despite the alleged existence of an effective prohibition. 47 U.S.C. § 332(c)(7)(B)(v). It does not require that local jurisdictions independently adopt ordinance provisions incorporating the effective prohibition test as a pre-requisite for approval, nor does it preclude them from doing so. A state court ruling on the locally-enacted pre-requisite and burden of proof will have no impact on the courts' ability to remedy actual cases of effective prohibition in violation of federal law when they arise. As a result, the federal interest in this case is not "substantial."

### 2. Expansive Federal Jurisdiction is Inconsistent with the Federal-State Balance Approved by Congress Under Section 332.

The primary issue raised on the face of the Complaint is the sufficiency of Crown's application materials in accordance with the requirements of the City's policies, and the dictate of Code of Civil Procedure section 1094.5(c) that each of the City's mandatory findings be "supported by substantial evidence in the light of the whole record." As explained above, Section 332 imposes no obligation on the City to create any permitting regime whatsoever for personal wireless service facilities. As far as federal law is concerned, the City is free to allow them by-right. When the City chose to incorporate into its Design Standards a requirement of showing an "effective prohibition" for a "Limited Exception," it granted San Mateo residents a cause of action to insist that the City impose that standard, even though Congress granted them no

1    equivalent right under federal law. *See, Drago*, 691 F.Supp.2d 493-94. The concerns here are

2    local.

3            Just like any other element of the City's ordinance, state law requires courts to limit

4    review to the administrative record and assess whether the City's decision constituted an "abused

5    of discretion." Code Civ. Proc. § 1094.5(c). In contrast, when an applicant whose permit was

6    denied makes a federal claim pursuant to 47 U.S. Code § 332, a court will apply de novo review

7    to determine the ultimate, actual existence of an effective prohibition of personal wireless

8    services in the real world. *See, e.g., L.A. SMSA Ltd. P'ship v. City of L.A.,* 2021 U.S. Dist.

9    LEXIS 160046, at *9-10 (C.D. Cal. Aug. 24, 2021) (discussing de novo review); *GTE Mobilnet*

10   *of Cal. Ltd. P'ship v. City of Berkeley,* 2024 U.S. Dist. LEXIS 194594, at *12 (N.D. Cal. Oct. 25,

11   2024) (allowing witness testimony regarding whether permit denial caused an effective

12   prohibition). The state has a significant interest in its own courts interpreting local ordinances

13   and issuing writs of mandate that direct the action of local officials; it is also within their core

14   competency to do so. *See Gunn*, 568 U.S. at 264 (federal-state balance respects special state

15   interest in maintaining the standards of attorneys licensed by the state). Given the limited and

16   unique scope of review dictated by state law, state jurisdiction is most appropriate.

17          Notably, state courts are trusted even to adjudicate true, effective prohibition claims

18   arising under federal law—adversely affected applicants may "commence an action in any court

19   of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v). As the with other aspects of regulation

20   under the Telecommunications Act of 1996, "[n]othing in the act expressly preempts some state

21   oversight over telecommunications within its jurisdiction." *Centurytel of Fairwater-Brandon-*

22   *Alto, LLC v. Charter Fiberlink, LLC,* 588 F. Supp. 2d 968, 970 (W.D. Wis. 2008) (plaintiffs

23   should not "run to federal court" over disputes concerning interconnection agreements

government by 47 U.S.C. § 251(d).) "[T]he system of 'cooperative federalism' that preserves local zoning control on which the Act is premised," *T-Mobile S., LLC*, 574 U.S. at 303, dictates that state courts be allowed to retain jurisdiction of state claims even if they involve applying terms drawn from Section 332. *See also Pac. Gas & Elec. Co. v. Ariz. Elec. Power Coop*., Inc, 479 F. Supp. 2d 1113, 1123-24 (E.D. Cal. 2007) (allowing jurisdiction over contracts that incorporate federal law by reference disrupts division of labor between federal and state courts envisioned by congress).

### E.  Crown Lacks an Objective Basis for Seeking Removal and the Court Should Award Just Costs and Legal Fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). This standard is met whenever "the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Even "[t]he lack of a case 'on point' (as will be the case more often than not) is not sufficient to suggest that the law was not clearly established." *Centurytel*, 588 F. Supp. 2d at 975. As explained in detail above, Crown's Notice does not state the essential facts to justify removal. Petitioner requests the Court to award Petitioner's just costs and expenses associated with seeking remand.

## IV. CONCLUSION

The criteria for original jurisdiction is not whether federal law is implicated or relevant but whether a determination of federal law is *essential* to a cause of action that a court must

consider and that federal jurisdiction is appropriate within our Constitutional system of state and federal courts. The Supreme Court has long accepted that federal authority is not threatened by state courts interpreting federal law. *See, e.g. Martin v. Hunter's* Lessee, 14 U.S. 304, 354-55 (1816); *New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473, 478 (1912) ("The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy."). Typically, a state court where a state cause of action "was lodged is competent to apply federal law, to the extent it is relevant[.]" *Empire Healthchoice*, 547 US at 701. Crown's Notice does not carry its burden of clearly establishing each of the four steps to overcome a presumption against federal jurisdiction over state law actions. Consequently, this case must be remanded for disposition by the San Mateo Superior Court.

Respectfully submitted,

_Ariel Strauss_
Ariel Strauss
Attorney for Petitioner, Stephen Kirby

Dated: September 16, 2025